IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

FILED
OCT 1 2012
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| (1) LESLIE BROWN, III,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>(2) SEAN LARKIN,<br>(3) MARK WOLLMERSHAUSER, JR.,<br>(4) DREW DIAMOND,<br><br>　　　　　　Defendants. | 12 CV - 539 TCK   PJC<br>Case No. _____ |

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C.A.

## <u>SECTION 1983</u>

### A. Parties

1) __Leslie Brown, III.,__ is a citizen of __Oklhoma__, who presently resides at 1563 North Irvington, Tulsa, Oklahoma, _____.

2) Defendant ____Sean Larkin____, is a citizen of Tulsa, Oklahoma and is employed as a ___police officer for the City of Tulsa___.

At the time the claim alleged in this complaint arose said defendant was acting under color of state law when while acting as a police officer for the City of Tulsa he conspired with other police officers and law enforcement personnel to violate my civil and constitutional rights by falsely arresting me following an



illegal search of an automobile and further maliciously caused false criminal charges to be filed against me in the District Court of Tulsa County.

3. Defendant ____Mark Wollmershauser, Jr.,_____, is a citizen of Tulsa, Oklahoma and is employed as ____a police officer for the City of Tulsa_____,

At the time the claims alleged in this complaint arose this defendant was acting under color of state law when while acting as a police officer for the City of Tulsa he conspired with other police officers and law enforcement personnel to violate my civil and constitutional rights by falsely arresting me following an illegal search of an automobile and further maliciously caused false criminal charges to be filed against me in the District Court of Tulsa County. This defendant further acting as part of the afore-mentioned conspiracy with other Tulsa police officers intentionally gave false and perjured testimony at a court hearing held in the District Court of Tulsa County in the false criminal charges which were filed against me.

4. Defendant _____Drew Diamond_____, is a citizen of Tulsa, Oklahoma and was formerly employed as the Police Chief for the City of Tulsa.

At the time the claims alleged in the complaint arose this defendant was acting under color of state law in that while acting as police chief for the City of Tulsa he ignored and neglected his duty to properly supervise and control both defendants named above, and other police officers for the City of Tulsa and

allowed said officers to routinely and customarily violate the civil and constitutional rights of citizens and residents of the City of Tulsa.

### B. Jurisdiction

1. Jurisdiction is asserted pursuant to 42 U.S.C.A. Section s 1983 and 1985.

2. Jurisdiction is also invoked pursuant to 28 U.S.C.A. Sec. 1343 (a) (3).

### C. Nature of Case

Plaintiff is an African-American resident of the City of Tulsa. Defendants are caucasian police officers or former police officers for the City of Tulsa. In November, 2009 Plaintiff was peacefully minding his own business while visiting a friend at an apartment complex in East Tulsa when while standing outside the complex in the parking lot he and his friend, who was also an African-American were approached and accosted by an unmarked police car occupied by defendants Larkin, Wollmershauser, and another unidentified caucasian law enforcement officer.

That said officers acting without legal justification or probable cause did apprehend and arrest Plaintiff for the charge of carrying a loaded firearm after they conducted an illegal search of an automobile owned by Plaintiff's friend and acquaintance who was also apprehended at the scene that night. That on the night of the false and illegal arrest of Plaintiff by said three afore-mentioned police personnel said law enforcement officers were on a regular and routine **"fishing**

**expedition,"** searching for suspected gang members. That neither Plaintiff nor his companion were gang members but were merely harassed by the defendants on the night in question because of their race—African-American.

That criminal charges were filed in the District Court of Tulsa County against Plaintiff for the charge of carrying a weapon unlawfully. The criminal charges were subsequently dismissed by the District Attorney's Office following a court hearing to suppress the illegal arrest Plaintiff after it became apparent from testimony of defendant Wollmershauser that said defendant had intentionally given false testimony regarding the facts and circumstances surrounding the false and illegal arrest of Plaintiff.

### D. Cause of Action

**Count One: <u>False arrest resulting from an illegal search and seizure of of an automobile</u>**

Defendants Larkin and Wollmershauser made the false contention that they believed they had seen Plaintiff in possession of an object that resembled a weapon as a pretext and justification to conduct an illegal search of the automobile which Plaintiff and his acquaintance were standing nearby. On the night of the false arrest of Plaintiff which occurred on November 20, 2009 Defendants were engaged in a witch hunt searching for and harassing suspected gang members with the intent of seizing and confiscating any guns or weapons which said gang members might have in their possession.

That Plaintiff had previously kept and stored a Smith and Wesson .40 caliber gun concealed under the passenger's seat in his friends automobile which was parked in the parking lot of the apartment complex where Plaintiff was arrested. The weapon was legally purchased by Plaintiff, properly registered in his name, and was not being carried by Plaintiff or in his possession on the night of his false arrest.

Defendant police officers falsely contended they saw Plaintiff in possession of the gun as a pretext to illegally search the automobile which Plaintiff and his Friend were near on the night of Plaintiff's false arrest. Defendant police officers further conducted an illegal search of the trunk of the automobile owned by Plaintiff's friend and further illegally searched the apartment occupied by Plaintiff's friend as part of said police officers fishing expedition to confiscate and seize guns and weapons from suspected gang members.

That during said defendant police officers illegal entry and search of Plaintiff's friends apartment said defendants wrongfully and improperly confiscated and seized a shotgun from said apartment, but failed to list or mention the confiscation or seizure of said shotgun in any police records or incident report of the arrest of Plaintiff.

That the arrest of Plaintiff on the night in question was false and illegal and the result of routine and customary acts of racial profiling by the defendant police

officers. That Plaintiff further suffered damages as result of defendants illegal arrest of himself by way of money expenses paid to attorneys to defend him of the false charges filed against him and damages for mental anguish and emotional distress resulting from said false arrest and wrongful detention.

**Count Two:   Malicious prosecution against defendants Larkin and Wollmershauser.**

Plaintiff herewith adopts all allegations and statements contained in the facts stated in count one as part of his statement of facts in count two.

The criminal charge filed against Plaintiff for carrying a weapon unlawfully was dismissed by the District Attorney's Office prior to a scheduled jury trial on said charge because it became apparent to the District Attorney's Office from police records that defendant Wollmershauser had given false testimony and committed perjury regarding the facts and circumstances surrounding the illegal arrest and seizure of Plaintiff and the number of law enforcement personnel involved in said illegal arrest and seizure.

The contention of both defendants Larkin and Wollmershauser that they had seen Plaintiff with an object resembling a weapon in his possession prior to their false arrest of him was a false concoction used by both defendants to attempt to justify their subsequent illegal search of the automobile and the apartment occupied by Plaintiff friend—with the further intent of seizing and confiscating for

-6-

Their own personal use any guns or weapons which they might recover from their illegal search. Defendants actions in arresting Plaintiff and causing false charges to be filed against him were done without legal justification or probable cause and further done with malice as evidenced by the false and perjured testimony given by defendant Wollmershauser at the court hearing held in this cause. Plaintiff further suffered money damages as result of defendants conspiratorial actions in causing false charges to be filed against him having to pay money two different attorneys to defend said false charges.

**Count Three:      Conspiracy to violate civil rights**:

Plaintiff hereby adopts all allegations and statements contained in the facts stated in counts one and two as part of his statement of facts in count three.

That defendant Larkin as a sergeant and supervisor of a unit of the Tulsa Police Dept. –gang task force, on the night of Plaintiff's arrest was conducting and engaging in a normal and routine witch hunt with other law enforcement personnel, including defendant Wollmershauser, whereby he searched for and harassed suspected gang members in the City of Tulsa. Defendant Wollmershauser on the night of Plaintiff's arrest was further participating in Larkin's conspiracy and witch hunt as both defendants without legal reason or justifiable cause illegally entered and searched an apartment occupied by the black male companion of Plaintiff- present with Plaintiff the night of Plaintiff's arrest. Said officers wrongfully and

illegally confiscated and removed from said apartment a shotgun, but failed to list or mention the removal and confiscation of said shotgun in any police records or police incident reports filed in relation to this incident, but instead kept said weapon for their own personal use/and/or personal use of other Tulsa police officers for improper and corrupt activities.

Defendants harassment and illegal arrest of Plaintiff was further based upon their unwarranted suspicion that Plaintiff was a gang member based upon Plaintiff's race. Defendants further engaged in racial profiling in harassing Plaintiff on the night of his false arrest as defendants actions were clearly motivated by racial bias and prejudice in falsely arresting Plaintiff. That defendants conspiratorial actions violated Plaintiff's civil and constitutional rights to both due process of law and the Fourth Amendment right to be free from unreasonable searches and seizures.

**Count Four :      Failure to control and supervise subordinate Employees by a supervisor against defendant Diamond           .**

That defendant Diamond as the acting police chief of the City of Tulsa during the time period when defendants Larkin and Wollmershauser established their custom and pattern of violating residents of Tulsa' civil and constitutional rights ignored and neglected his duty and obligation under the law to properly control and supervise Tulsa police officers. During said defendant Diamond's

tenure as the police chief, Larkin, Wollmershauser, and numerous other police officers in the Tulsa Police Department were allowed by Diamond and other supervisors to regularly, routinely, and customarily violate the civil and constitutional rights of Tulsa citizens without fear or threat of reprimand or punishment from police department heads or other proper supervising authorities.

Defendant Larkin was further involved in numerous other instances of improper, illegal, and corrupt activities with other Tulsa police officers, including "planting false evidence, and use of false perjured testimony from alleged informants, --in court proceedings against individuals wrongfully convicted because of corrupt activities of Tulsa police officers. Plaintiff's arrest in the false criminal charges which form the basis for this lawsuit were a part of and an extension of the corrupt police activities which Larkin participated in with numerous other Tulsa police officers. Defendant Diamond's failure to properly supervise and control Larkin and other Tulsa police officers during his tenure as police chief, caused the said Larkin and other Tulsa police officers associated with said defendant to routinely ignore residents constitutional and civil rights and form a pattern of corrupt activities and practices. That those corrupt activities and practices of defendants Larkin and Wollmershauser all lead to the constitutional violations which form the basis for this civil action.

### E. Request for Relief

1) I believe that I am entitled to the following relief:

Plaintiff demands money damages against defendants Larkin and Wollmershauser for the sum of **$50,000.00 each. (fifty-thousand dollars each).** Plaintiff demands money damages against defendant Diamond for the sum of **$25,000.00. (twenty-five-thousand dollars).** Plaintiff further demands punitive damages jointly and severally against both defendants Larkin and Wollmershauser for the sum of **$50,000.00 (fifty-thousand dollars)** as Plaintiff will show at a jury trial of this cause that both defendants actions in this cause were done with grievous malice and justify an award of punitive damages by the jury.

Plaintiff further requests he be given and granted all other rights in law and equity which he may show himself entitled to during the progression of this cause, including an award of attorney fees and costs associated with this action for the prosecution thereof. Plaintiff further requests that if injunctive relief be necessary in the future to prevent any improper or undue harassment from defendants or other Tulsa police officers for the filing and prosecution of this action that he have and be granted such injunctive relief upon proper application and request thereof. Plaintiff herewith demands a jury trial.

Respectfully submitted,

_____
ALLEN W. COUNTS  Bar NO. 1945
Attorney for Plaintiff
436 Court Street  Suite A
Muskogee, Okla.  74401
918  686-6663

-11-