**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) LESLIE BROWN, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-539-TCK-PJC |
| | ) | |
| (2)  SEAN LARKIN, | ) | |
| (3)  MARK WOLLMERSHAUSER, JR., | ) | |
| (4)  DREW DIAMOND, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF SEAN LARKIN; MARK WOLLMERSHAUSER, JR.; AND DREW**
**DIAMOND TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Defendants Sean Larkin; Mark Wollmershauser, Jr.; and Drew Diamond ("Diamond"), (hereafter collectively "Defendants"), by and through their attorney, Gerald M. Bender, Litigation Division Manager, Office of the City Attorney for the City of Tulsa, hereby appear and respectfully request the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

(1)    Plaintiff's Complaint [Dkt. No. 1] fails to state a claim upon which relief can be granted against the Defendants under 42 U.S.C. § 1983 (" §1983"), as a matter of law;

(2)    Plaintiff's First and Fourth claims alleging violations of his Fourth Amendment right to be free from unreasonable search and seizure, along with any other claim or cause of action which has its genesis in that alleged violations are absolutely time barred;

(3)    Plaintiff's Second claim for malicious prosecution against Diamond is without legal authority as the Plaintiff cannot show that Diamond instituted any legal action against him;

(4)    The Defendants are entitled to qualified immunity;

(5)    Plaintiff's Third Cause of Action, "Conspiracy to violate civil rights", must be dismissed for failure to state a claim;

(6)    Plaintiff's Fourth Cause of Action, "Failure to Control…", fails to state a claim against Diamond upon which relief can be granted. Diamond was not the Chief of Police at the time of the alleged incident on November 20, 2009.[1]

(7)    To the extent Plaintiff's Complaint can be interpreted as alleging claims against the Defendants acting in an official capacity, those claims are time-barred. Moreover, those claims are subject to dismissal as they must, necessarily, be alleged against the City of Tulsa, and the City is not a party to this action;

(8)    The Plaintiff has failed to comply with, and/or plead compliance with, state law prerequisites for filing state law based tort claims as set forth in the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq.; and

(9)    Plaintiff fails to state any facts which support a claim for punitive or exemplary damages against any of the Defendants.

## **INTRODUCTION**

As set forth in Plaintiff's Complaint [Dkt. No.1], on November 20, 2009, the Plaintiff, who describes himself as an African-American, was arrested[2] and was later charged with

---

[1] Diamond requests the Court take judicial notice of the fact that Diamond retired from TPD in 1981. See "Tulsa Police Chief Quits, Cites Political Harrassment," The Oklahoma, October 12, 1991 (available online at http://newsok.com/tulsa-police-chief-quits-cites-political-harassment/article/2371793);  "Former Tulsa Police Chief Drew Diamond begins new chapter as executive director of Jewish Federation of Tulsa, Tulsa World, March 19, 2011 (available online at  http://www.tulsaworld.com/news/article.aspx?subjectid=11&articleid=20110319_18_A13_CUTLIN789529).

illegally carrying a firearm. Complaint, p.4. The Plaintiff admits that on the night in question he "kept and stored a Smith and Wesson .40 caliber gun *concealed* under the passenger's seat" of the vehicle by which he was standing when he was contacted by Defendants Larkin and Wollmershauser. Complaint, p.5. The Plaintiff denies the firearm was being "carried…or in his possession" the night he was arrested. Complaint, p.5.[3] The Plaintiff contends that testimony of Officer Wollmershauser that he had observed the Plaintiff in physical possession of the firearm, and that the firearm was placed by the Plaintiff under the seat of the vehicle in an attempt to avoid arrest was false, and was offered by Wollmershauser in furtherance of a conspiracy by Wollmershauser and Larkin to racially profile and conduct illegal "fishing expeditions" of African-American males suspected of being in illegal possession of firearms. Complaint, pp#3-5. Charges filed by the District Attorney were later dismissed at the request of the State. Complaint, p.4.

## ARGUMENT AND AUTHORITIES

1. **STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the Tenth Circuit in *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services,* 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *[Bell Atlantic Corp v. Twombly,]* ---U.S. ---, ----, 127

---

[2]Defendants request the Court take judicial notice that Plaintiff was written a citation for carrying a loaded firearm by a Tulsa County Sheriff's Deputy, see record in case number CM-2009-5970. FRE 201.

[3] The Plaintiff also complains of what he describes as an illegal search of the trunk of his friend's automobile and apartment on November 20, 2009. Complaint, p. 5.

S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider:*

> the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims.

493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

519 F.3d at 1247 (emphasis in original). *See also, Dodds v. Richardson,* 614 F.3d 1185, 1202 (10th Cir. 2010).

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* ---U.S. ---, ----, 129 S.Ct. 1937, 1950 (173 L.Ed.2d 868 2009) (quoting Fed. R. Civ. P. 8(a) (alterations in original)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*  The trial court must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins,* 519 F.3d at 1249.  In the context of § 1983 claims, "plausibility" refers to the scope of the allegations in the Complaint; if they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or

4

"a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss for qualified immunity. *Id.* at 1247-48.

      **2.**      **PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION ALLEGING VIOLATION OF HIS FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE AND CONSPIRACY TO VIOLATE THAT RIGHT ARE TIME BARRED.**

In Oklahoma, "[f]alse arrest has been defined as 'an unlawful restraint of an individual's personal liberty or freedom of locomotion.... An arrest without proper legal authority is a false arrest and because an arrest restrains the liberty of a person it is also a false imprisonment.' Black's Law Dictionary (5th Ed.1979). Courts in Oklahoma have held that an arrest without probable cause is a false arrest." *Roberts v. Goodner's Wholesale Foods, Inc.,* 2002 OK CIV APP 73, 50 P.3d 1149, 1151-52 (citations omitted). In the instant Complaint, Plaintiff characterizes his arrest as without legal justification in that it was based upon an unreasonable search and seizure which was in violation of his Fourth Amendment rights: an arrest without probable cause, a false arrest.

The Statute of Limitations applicable to §1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Wilson v. Garcia,* 471 U.S. 261, 269. In Oklahoma, the Statute of Limitations for such claims is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1523 (10th Cir. 1988); 12 *Okla. Stat.* § 95. Federal law, however, determines the date on which the claim accrues and the limitations period starts to run. *Wallace v. Kato*, 127 S.Ct. 1091, 1095 (2007).

The statute of limitations for a false arrest claim "begin[s] to run . . . when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). False imprisonment ends when the wrongfully detained person is released or is "held pursuant to such process – when, for example he is bound over by a magistrate or arraigned on charges." *Id* at 390. The

applicable two year statute of limitations on Plaintiff's unlawful arrest claim began to run on February 11, 2010,[4] when he was arraigned on state misdemeanor charges.  *See, Tulsa County District Court Case No. CM-2009-5970[5]*.    Further, because the accrual date for all Fourth Amendment claims are for false arrest, they begin at the time the Plaintiff is held pursuant to legal process, all such claims (including claims of conspiracy to violate those rights) are barred by the two-year statute of limitations, which ran on February 11, 2012.  *Wallace v. Kato*, 549 U.S. 384, 390 (2007); *See also, Johnson v. The City of Tulsa, et al.,* NDOK, Case No. 12-cv-481-CVE-FHM, Dkt. No. 8, pp. 6-7 (dismissing Fourth Amendment Claims against the City of Tulsa as barred by the statute of limitations); *Gutierrez v. The City of Tulsa, et al.,* NDOK, Case No. 12-cv-263-GKF-TLW, Dkt. No. 25, pp. 6-7 (dismissing Fourth Amendment Claims against the City of Tulsa as barred by the statute of limitations);  *Larita Barnes v. City of Tulsa, et al.,* Case No. 10-cv-507-TDL-FHM (Dkt. No. 92 p.  9) (dismissing Plaintiff's Fourth Amendment Claim for false arrest against the City of Tulsa based upon the statute of limitations).

Plaintiff's Complaint [Dkt. No. 1] was not filed before the statute of limitation on his Fourth Amendment claims expired.  Accordingly, Plaintiff's First and Third Causes of Action, as well as any and all other claims or causes of action alleged to have arisen from the alleged violation of Plaintiff's Fourth Amendment rights, should be dismissed, with prejudice, as time barred pursuant to Oklahoma's two year statute of limitations.

**3.    PLAINTIFF'S SECOND CAUSE OF ACTION CLAIM FOR MALICIOUS PROSECUTION AGAINST DEFENDANT DIAMOND IS WITHOUT LEGAL AUTHORITY.**

---

[4] The instant Complaint was filed October 1, 2012. Dkt. No 1.

[5] The Defendants request the Court take judicial notice of Tulsa County District Court Case No. CM-2009-5970; *See www.oscn.net*

> We have held that a plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims. 'The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause.' If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution.

*Mondragon v. Thompson,* 519 F.3d 1078, 1082 (C.A.10th (N.M.), 2008)(citations omitted).

When addressing § 1983 malicious prosecution claims, this Circuit uses the common law elements of malicious prosecution as the starting point for analysis; however, the ultimate question is whether plaintiff has proven the deprivation of a constitutional right. *Novitsky v. City Of Aurora,* 491 F.3d 1244, 1257 (10th Cir. 2007). "In an action for malicious prosecution, the burden rests on the plaintiff to prove 1) that the defendant maliciously instituted the action; 2) without probable cause; 3) which the plaintiff successfully defended; and 4) with resulting damage to the plaintiff." *Roberts v. Goodner's Wholesale Foods, Inc.,* 2002 OK CIV APP 73, 50 P.3d 1149, 1152 citing *Callaway v. Parkwood Village, L.L.C.,* 2000 OK 24, 1 P.3d 1003, 1005.

While at this stage of the proceeding, Plaintiff is not burdened to prove anything, he must, at least, per the *Iqbal* and *Twombly* decisions, allege facts sufficient to allow the Court to determine whether the complaint is plausible. As set forth above, Diamond had not been Chief of the Tulsa Police Department for Eighteen (18) years prior to Plaintiff's arrest. Diamond is not alleged to have had any malice toward the Plaintiff; contact with the Plaintiff; or involvement with the stop, search, arrest, or prosecution of the Plaintiff. Indeed, there are no facts alleged that would support any claim that Diamond was even in a position, in the subject timeframe, that would allow him to somehow control or supervise the other Defendants.

Accordingly, Plaintiff has failed to plead, and indeed, cannot plead any facts which would support a claim for malicious prosecution against Diamond. Therefore, his claim must be dismissed against, at a minimum, Defendant Diamond.

### 4. PLAINTIFF'S "OFFICIAL CAPACITY" CLAIMS SHOULD BE DISMISSED.

The first three paragraphs of Plaintiff's Complaint allege claims arising as a result of actions taken by the Defendants while "acting under color of state law" while "acting as a "police officer" or as "police chief" for the City of Tulsa. While inartfully pled, the Plaintiff's Complaint appears to allege claims arising from the Defendants acting in their "official capacity."

In *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985), the United States Supreme Court explained that a claim against a government official in his or her official capacity "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978).  Thus, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, supra, local government units can be sued directly for damages and injunctive or declaratory relief." *Id*. at 167 n. 14, 105 S. Ct. at 3106 n. 14 (citation omitted).  Plaintiff's official capacity claims brought against the individual Defendants herein should be dismissed.

**WHEREFORE,** Defendants Sean Larkin; Mark Wollmershauser, Jr.; and Drew Diamond respectfully request the Court dismiss Plaintiff's Complaint in its entirety, or in the alternative, that the Court grant Defendants any and all other relief which the Court may find them to be entitled.

Respectfully submitted,

CITY OF TULSA, OKLAHOMA
a municipal corporation

DAVID E. O'MEILIA
City Attorney

By:    /s/Gerald M. Bender_____
Gerald M. Bender, OBA #14471
Litigation Division Manager
175 E. Second Street, Suite 685
Tulsa, Oklahoma 74103
Telephone (918) 596-7717
Facsimile (918)596-9700
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Allen W. Counts
436 Court Street, Suite A
Muskogee, OK 74401

I hereby certify that on the    day of       , 2013, I served the same document by:

____U. S. Postal Service              _____ In Person Delivery

_____ Courier Service                  _____ E-Mail

on the following, who are not registered participants of the ECF system:

/s/Gerald M. Bender_____
Gerald M. Bender

9